UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

TOWN OF BRISTOL, RHODE ISLAND
*45 Court Street*
*Bristol, Rhode Island 02809*
        Plaintiff,

v.   C.A. No. 1:26-cv-150

TRANSPORTATION SECURITY ADMINISTRATION
*6595 Springfield Center Drive*
*Springfield, VA 22150*

and

RHODE ISLAND TURNPIKE AND BRIDGE AUTHORITY
*1 East Shore Road*
*Jamestown, Rhode Island 02835*
        Defendants.

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Town of Bristol, Rhode Island ("Bristol" or "the Town"), by and through undersigned counsel, brings this civil action for declaratory and injunctive relief and alleges as follows:

### I. NATURE OF THE ACTION

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel the Transportation Security Administration ("TSA"), a component of the United States Department of Homeland Security, to produce agency records responsive to Plaintiff's January 30, 2026 FOIA request.

2. This action also asserts, under the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367, a claim against the Rhode Island Turnpike and Bridge Authority ("RITBA") for violation of the Rhode Island Access to Public Records Act ("APRA"), R.I. Gen. Laws § 38-2-1 et seq.

3. The records at issue consist of the most recent inspection report concerning the condition and structural viability of the Mount Hope Bridge, a critical transportation asset connecting Bristol County and Aquidneck Island.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction over Count I pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

5. This Court has supplemental jurisdiction over Count II pursuant to 28 U.S.C. § 1367(a), as the APRA claim forms part of the same case or controversy as the FOIA claim.

6. Venue is proper in this District pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e) because Plaintiff resides in this District and a substantial part of the events giving rise to the claims occurred in this District.

## III. PARTIES

7. Plaintiff Town of Bristol, Rhode Island, is a municipal corporation organized under the laws of the State of Rhode Island.

8. Defendant Transportation Security Administration is a federal agency within the U.S. Department of Homeland Security and an "agency" within the meaning of 5 U.S.C. § 552(f).

9. Defendant Rhode Island Turnpike and Bridge Authority is a public corporation and instrumentality of the State of Rhode Island and a "public body" within the meaning of R.I. Gen. Laws § 38-2-2(1).

## IV. FACTUAL ALLEGATIONS

### A. APRA Request to RITBA

10. On December 13, 2023, following the closure of the Washington Bridge, spanning between Providence and East Providence, the Rhode Island Department of Transportation publicly released an approximately 300-page routine inspection report for the Washington Bridge.

11. The Town of Bristol, realizing the vital importance of the Mount Hope Bridge to the Town, sought to gain access to the most recent routine inspection report for the Mount Hope Bridge.

12. On October 2, 2025, Bristol submitted a written request to RITBA pursuant to APRA seeking "the most current report in possession of RITBA regarding the condition and structural viability of the Mount Hope Bridge."

13. A true and accurate copy of the October 2, 2025 APRA request is attached hereto as **Exhibit A**.

14. On October 17, 2025, RITBA responded by email denying the request.

15. In its response, RITBA stated in relevant part:

> "Please note that this report contains sensitive security information (SSI) and, therefore, must first be reviewed and potentially redacted by the Transportation Security Administration (TSA) pursuant to 49 C.F.R. § 1520. … Accordingly, this record is exempt from disclosure pursuant to R.I. Gen. Laws § 38-2-2(4)(E) and (S). RITBA has sent this record to the TSA for its review, and if TSA advises us that some portion or all of the document sought may be released to you, we will produce it to you."

16. A true and accurate copy of RITBA's October 17, 2025 response email is attached hereto as **Exhibit B**.

17. TSA's training materials provide that SSI is "information [that would] assist an adversary who is planning an attack against a transportation system." See TSA SSI training materials attached as **Exhibit C** at p. 12.

18. This training material goes on to provided, "Safety inspections of infrastructure are not SSI," and a party may designate information as SSI if "[i]t is related to transportation security (not safety)." Id. at pp. 23 & 37.

19. On October 31, 2025, Bristol appealed RITBA's denial to the Rhode Island Attorney General pursuant to R.I. Gen. Laws § 38-2-8.

20. On January 15, 2026, the Rhode Island Attorney General issued a decision upholding RITBA's denial.

21. A true and accurate copy of the January 15, 2026 decision of the Rhode Island Attorney General is attached hereto as **Exhibit D**.

22. This decision was in error.

### B. FOIA Request to TSA

23. Because the RIBTA indicated that it had submitted the Mount Hope inspection report to the TSA for SSI review, on January 30, 2026, Bristol submitted a FOIA request to TSA seeking "the most recent Mount Hope Bridge Inspection Report." A copy of that request is attached as **Exhibit E**.

24. The FOIA request explained that RITBA had denied Bristol's APRA request on the ground that the report allegedly contains Sensitive Security Information ("SSI") and had represented that it forwarded the report to TSA for review and possible redaction.

25. The FOIA request provided contact information for the requester and requested an electronic copy of the report, if possible.

3

26. A true and accurate copy of the TSA's acknowledgment of receipt of the FOIA request is attached hereto as **Exhibit F**.

27. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), TSA was required to determine within twenty (20) business days after receipt of the request whether to comply and to notify Bristol of its determination.

28. More than twenty business days elapsed after TSA's receipt of the request.

29. TSA failed to make any determination, failed to produce any records, and failed to invoke any lawful extension.

30. Bristol has therefore exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

### V. CLAIMS FOR RELIEF
### COUNT I
### Violation of the Freedom of Information Act (5 U.S.C. § 552)
(Against TSA)

31. Plaintiff incorporates by reference Paragraphs 1 through 30 as if fully set forth herein.

32. The requested Mount Hope Bridge inspection report constitutes an "agency record" within the meaning of FOIA.

33. TSA has failed to comply with FOIA's statutory deadline and has wrongfully withheld agency records.

34. TSA's failure to make a timely determination and produce responsive records violates 5 U.S.C. § 552(a)(6).

35. Plaintiff is entitled to declaratory and injunctive relief compelling TSA to conduct an adequate search and produce all non-exempt responsive records.

36. The record sought in this matter is not exempt, as it only relates to safety inspections of the Mount Hope Bridge, not security measures.

37. Plaintiff is entitled to recover reasonable attorney's fees and litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E).

### COUNT II
### Violation of the Rhode Island Access to Public Records Act (R.I. Gen. Laws § 38-2-1 et seq.)
(Against RITBA – Supplemental Jurisdiction)

37. Plaintiff incorporates by reference Paragraphs 1 through 25 as if fully set forth herein.

4

38. The requested Mount Hope Bridge inspection report is a "public record" within the meaning of R.I. Gen. Laws § 38-2-2(4).

39. RITBA denied Plaintiff's request based on asserted exemptions under R.I. Gen. Laws § 38-2-2(4)(E) and (S).

40. RITBA improperly delegated its disclosure obligations under APRA to TSA and refused to produce a routine safety inspection report that does not qualify as SSI.

41. The RITBA's claim that the routine safety inspection constitutes SSI is contradicted by the TSA's own training materials and is belied by the fact that the Washington Bridge inspection report was released to the public with no issue.

42. RITBA's denial was unlawful under APRA.

43. Plaintiff has exhausted administrative remedies under APRA through appeal to the Rhode Island Attorney General.

44. Plaintiff is entitled to injunctive relief compelling disclosure of the requested public record.

45. Plaintiff is further entitled to reasonable attorney's fees and costs pursuant to R.I. Gen. Laws § 38-2-9(d).

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare that TSA has violated FOIA;

B. Order TSA to conduct an adequate search and produce the requested Mount Hope Bridge inspection report;

C. Declare that RITBA violated APRA;

D. Order RITBA to produce the requested report;

E. Award Plaintiff its reasonable attorney's fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E) and R.I. Gen. Laws § 38-2-9(d); and

F. Grant such other and further relief as the Court deems just and proper.

Plaintiff, Town of Bristol,
by its attorneys,

/s/ *Peter Skwirz*
Andrew M. Teitz, Esq. # 3503
Peter F. Skwirz, Esq. #8809
David Marks, Esq. #10911
URSILLO, TEITZ & RITCH, LTD.
2 Williams Street
Providence, RI 02903-2918
Tel (401) 331-2222
Fax (401) 751-5257
peteskwirz@utrlaw.com
andyteitz@utrlaw.com
davidmarks@utrlaw.com

Z:\Bristol\Litigation\FOIA complaint against TSA\FOIA complaint against TSA, APRA complaint against RIBTA d2.docx